**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Estrella
**Rex Daines, OSB No. 952442**
Of Attorneys for Estrella
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**Kelly D. Jones, OSB No. 074217**
Of Attorneys for Estrella
The Law Office of Kelly Jones
819 SE Morrison St., Suite 255
Portland, Oregon 97214
kellydonovanjones@gmail.com
Direct 503-847-4329

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **Jeremy Estrella,** a consumer residing in Oregon, individually and on behalf of all others similarly situated, | Case No. 3:17-cv-117 |
| | **CLASS ACTION ALLEGATION COMPLAINT** |
| Plaintiff, | 15 U.S.C. § 1692k |
| v. | Demand for Jury Trial |
| **Convergent Outsourcing, Inc.,** a foreign corporation, | |
| Defendant. | |

**CLASS ACTION ALLEGATION COMPLAINT** – Page 1 of 21

1.

## JURISDICTION AND THE PARTIES

This Court has jurisdiction under 28 U.S.C. § 1331 because the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., is a federal consumer protection law.

2.

Plaintiff Jeremy Estrella (Estrella) is an individual living in Washington County, Oregon and a "consumer" protected by the FDCPA because he allegedly owed defaulted personal student loan debt to National Collegiate Student Loan Trust 2006-1 (NCT) with an account number ending 2331.

3.

For over 60 years, Convergent Outsourcing, Inc. (Convergent) has operated as one of the largest national debt collection corporations in the United States, with over a dozen offices across the country.

4.

Convergent's principal place of business is located at 800 SW 39th Street, Renton, Washington, 98057, and its Oregon service address listed with the Oregon Secretary of State is CT Corporation System, 388 State St., Suite 420, Salem, Oregon 97301.

5.

Convergent is a "debt collector" as that term is defined in the FDCPA because Convergent regularly attempts to collect consumer debts on behalf of creditors, it regularly communicates with consumers regarding defaulted consumer debts using collection letters through US Mail, and its principal purpose is to collect debts owed to creditors like NCT.

6.

Convergent is licensed with the Oregon Division of Financial Regulation as a debt collection agency – license number 48317.

7.

The defaulted student loan obligation Estrella allegedly owed to NCT (the "debt") that Convergent attempted to collect from Estrella was subject to the FDCPA because it arose from a student loan to pay personal education expenses.

8.

Venue is proper under 28 U.S.C. § 1391 because Convergent attempted to collect debt from Estrella when he resided in Washington County, Oregon.

9.

## FACTUAL ALLEGATIONS

This complaint's allegations are based on personal knowledge as to Estrella's conduct and made on information and belief as to the acts of others.

10.

The debt at issue arose in 2006, when Estrella entered an agreement with an original creditor for a personal student loan.

11.

The loan was not a government affiliated or government guaranteed student loan, but rather a direct private loan. Later in 2006, the debt was transferred to NCT.

12.

Convergent sent an initial collection letter (the "collection letter") to Estrella dated June 13, 2016. A true and correct redacted copy of the collection letter is attached as Exhibit 1.

13.

The collection letter was sent or caused to be sent by persons employed by, or an agent of, Convergent.

14.

Convergent's collection letter was a communication by a debt collector in an attempt to collect Estrella's alleged debt to NCT.

15.

Convergent's collection letter was addressed to Estrella, at his address in Portland.

16.

Estrella received the collection letter sometime before the end of June of 2016.

17.

The collection letter stated that the current creditor of the debt was NCT.

18.

The collection letter stated "Settlement in Full: $22,974.34", "Principal: $38,279.73", "Interest: $10.83", "Total Balance: $38,290.56".

19.

The collection letter had a large oval in the center of the page entitled "Settlement Offer".

20.

The collection letter stated that Convergent was a collection agency and that the records of NCT showed that Estrella had a past due balance of $38,290.56.

21.

Convergent's collection letter stated:

Our client has advised us that they are willing to settle your account for 60% of your total balance due to settle your past balance. The full settlement must be received in our office by an agreed upon date. If you are interested in taking advantage of this offer, call our office within 45 days of this letter. Your settlement amount would be $22,974.34 to clear this account in full. Even if you are unable to take advantage of this offer, please contact our office to see what terms can be worked out on your account. We are not required to make this offer to you in the future.

22.

The bottom of the collection letter contained a segment that could be torn or cut off and included with a payment.

23.

The bottom of the collection letter stated that there were three separate settlement options or payment plans available: one with a lump sum for settlement in full, and two other options that required an initial lump sum payment and monthly payment thereafter.

24.

The initial collection letter also stated that "If Options 2 or 3 Have Been Selected, Please Enter Monthly Payment Date and Amount:".

25.

The bottom portion of the collection letter included an entry for "Charge Off Date" but Convergent left the date blank.

26.

The back of the collection letter contained a paragraph stating:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

27.

The debt at issue is governed by the Oregon statute of limitations for a contract, express or implied, found in ORS 12.080(1), which is six years, or in any event the debt is not governed by any other statute of limitations that is more than six years.

28.

Under ORS 12.240, a partial payment on the debt may restart the accrual of the limitations period in ORS 12.080(1).

29.

When Convergent sent Estrella its collection letter, on or about June 13, 2016, the debt was already time barred because the debt had been charged off for delinquency in October 2007 and no payment had been made on the debt thereafter.

30.

At 15 U.S.C. §1692e, the FDCPA provides that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section…
>
> (2) The false representation of –
>
> (A) the character, amount, or legal status of any debt…
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken…
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer…

31.

Convergent's offer of "settlement" on Estrella's time barred debt, without giving notice that the debt was time barred, without giving notice that Estrella would not be sued on the debt, and without giving notice that a payment on the debt may restart the statute of limitations, was a false, misleading, deceptive representation or means, and an unfair or unconscionable means, to collect upon the debt, in violation of multiple general and specifically-enumerated provisions of the FDCPA. See, e.g., *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014); *Buchanan v. Northland Group Inc.*, 776 F.3d 393 (6th Cir. 2015); *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 513 (5th Cir. 2016); *Luther v. Convergent Outsourcing, Inc.*, No. 15-10902, 2016 U.S. Dist. LEXIS 56456 (E.D. Mich. Apr. 28, 2016); *Magee v. Portfolio*

*Recovery Assocs., LLC*, No. 12 CV 1624, 2016 U.S. Dist. LEXIS 61389, 2016 WL 2644763 (N.D. Ill. May 9, 2016), etc.

32.

Consistent with the majority view of courts to have decided the issue, the Federal Trade Commission (FTC) has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations… When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt."

See FTC Press Release: http://www.ftc.gov/opa/2012/01/asset.shtm

See also *FTC v. Asset Acceptance, LLC*, Case No. 8:12- cv-182-T-27EAJ (M.D.Fla. January 31, 2012):

https://www.ftc.gov/sites/default/files/documents/cases/2012/01/120131 assetconsent.pdf

33.

The FDCPA provides consumers like Estrella the right to be free from a debt collector's false, deceptive, or misleading representations and means of collecting debt, and unfair or unconscionable means to collect debt. Allegations that these rights have been violated by Convergent by sending its collection letter attached as Exhibit 1 is sufficient (without any further allegations of any additional harm) to

establish that Estrella suffered a particularized and concrete injury in fact. See, e.g., *Carney v. Goldman*, No. 15-260-BRM-DEA, 2016 U.S. Dist. LEXIS 177087, at *15-16 (D.N.J. Dec. 22, 2016).

34.

Collection letters, like the one Convergent sent to Estrella in Exhibit 1, may be reasonably construed by the least sophisticated debtor to imply (falsely) that litigation could be commenced to collect if they do not pay the debt, and create a material risk that the least sophisticated debtor will prioritize and pay the debt based on this false implication.

35.

Collection letters, like the one Convergent sent to Estrella in Exhibit 1, may reasonably cause the least sophisticated debtor to make a partial payment on time barred debt that they would not otherwise make if they knew the debt was time barred, thus reviving the limitations period under state law, allowing a collector to then sue to enforce the debt, which it otherwise could not do.

36.

In the instant case, upon reading Convergent's collection letter, Estrella did in fact believe, as would the least sophisticated debtor, that he had a legal obligation to pay the alleged debt.

37.

After receiving the collection letter, on or about July 5, 2016, Estrella drafted and sent Convergent a letter disputing the debt (the "dispute letter"). A true and correct redacted copy of the dispute letter is attached as Exhibit 2.

38.

Estrella's dispute letter requested documentary verification of the debt, and requested that Convergent stop calling his cell phone number, as it never obtained his prior consent to do so.

39.

In July of 2016, Estrella received a response to his dispute letter from Convergent, dated July 14, 2016 (the "validation letter"). A true and correct redacted copy Convergent's validation letter and its enclosures are attached as Exhibit 3.

40.

The validation letter referenced the debt, stated that the total balance of the debt was $38,406.35, and stated that "We have completed our dispute investigation and below are the findings. This debt is valid, attached is verification of the debt."

41.

Like its collection letter, Convergent's validation letter did not state that Estrella's debt was time barred, did not state that the debt

was legally unenforceable, and did not state that a partial payment on the debt could revive the limitations period.

42.

Attached to the validation letter was an account summary of the debt.

43.

The account summary stated that the debt was "charged off" for delinquency and nonpayment on October 10, 2007.

44.

The account history had an entry for "Date of Last Payment" and "Last Payment Amount" but Convergent left those dates blank.

45.

In June of 2016, Estrella received multiple calls from Convergent and its agents, in an attempt to collect the debt.

46.

Upon information and belief, many of Convergent's calls were displayed on Estrella's caller identification as local Oregon numbers with a (503) area code, and some of its calls were displayed as originating from local Oregon businesses.

47.

Estrella called back at least one of the (503) area code numbers and was routed to one of Convergent's agents.

48.

Convergent's scheme to make collection calls to Estrella's cell phone by spoofing local Oregon numbers, and its scheme to spoof local phone numbers so that Estrella's caller identification system would indicate that the calls were being made by local Oregon businesses or individuals, constituted a false, deceptive representation and means of debt collection specifically intended to induce Mr. Estrella to answer his cell phone.

49.

After conducting appropriate discovery, Estrella reserves the right to amend his complaint to include additional claims, including class action allegations, against Convergent based on its call spoofing scheme.

50.

Convergent regularly attempts to collect time barred debts from Oregon consumers by sending "settlement offer" letters, in the same, or substantially similar form to the collection letter Estrella received, attached as Exhibit 1.

51.

**CLASS ACTION ALLEGATIONS**

Under FRCP 23, Estrella brings this action on behalf of himself and all other similarly situated individual consumers. The class is initially defined as:

a) all individual consumers with Oregon addresses,

b) who Convergent sent, in an attempt to collect debt allegedly owed to NCT, a letter,

c) which attempted to collect debt that had a date of last payment or charge off more than six years prior to the date of the letter,

d) that offered a settlement of the debt and did not contain a notice that the debt was time barred and the consumer would not be sued, or did not contain a notice that a partial payment could revive the statute of limitations, and

e) such letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

52.

A class action is proper under FRCP 23(a) because upon information and belief based on the size of NCT's billion-dollar student

loan portfolio and other lawsuits in other jurisdictions against Convergent, the class consists of hundreds of individual consumers, and joinder of all members is impracticable. Each class member is easily identifiable based solely on Convergent's account records. Excluded from the class are all attorneys for the class, officers and directors of Convergent, including officers and directors of any entity with an ownership interest in Convergent, any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

53.

This action can be maintained as a class action under FRCP 23(a) and (b) because there are questions of law and fact common to the class members, which predominate over any questions relating to individual class members, including but not limited to

a) whether a letter offering a settlement of a time barred debt violates the FDCPA when the letter does not disclose that the debt is time barred and the debtor cannot be sued on the debt, and

b) whether a letter offering a settlement of a time barred debt, with monthly payments, violates the FDCPA when the letter does not disclose that a partial payment may revive the statute of limitations.

54.

Estrella's claim is typical of the claims of the class members, as it is based on the same factual circumstances, form letter, and legal theories. Estrella has no interests adverse to the class members.

55.

Estrella will fairly and adequately represent and protect the interests of the members of the class. Estrella has retained competent counsel experienced in class action litigation and FDCPA litigation to further ensure such representation and protection of the class. Estrella and his counsel intend to prosecute this action vigorously. Attorney Michael Fuller is a partner at Olsen Daines PC specializing in consumer litigation. He is the past chair of the OSB consumer law section and current adjunct professor of consumer law at Lewis & Clark Law School. Fuller was recently certified as lead class counsel in a successful Oregon state court consumer class action. Attorney Kelly Jones is a solo practitioner at The Law Office of Kelly Jones and past chair of the OSB consumer law section. He specializes in federal court consumer litigation, and has experience prosecuting class action cases against debt collectors under the FDCPA. Jones was recently certified as lead counsel in a large FDCPA class action against a debt collector in Oregon district court.

56.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent class-wide adjudication, members of the class are without effective recourse. Because of the relatively small monetary value of each individual class member's claim, few, if any, class members could afford to prosecute an individual action against Convergent. The federal court filing fee alone is almost half of the maximum statutory damages available under the FDCPA. Absent class treatment, Convergent's alleged wrongdoing would go unabated, and no class member would be afforded the opportunity to seek judicial relief, whether for themselves or for the public good generally.

57.

A class action is appropriate under FRCP 23(b)(3) because the questions of law and fact regarding the nature and legality of Convergent's practices as alleged above predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, for the following reasons:

a) The prosecution of separate actions creates a risk of inconsistent or varying rulings,

b) The common questions of law and fact described above predominate over questions affecting only individual members,

c) Individual class members would have little interest in controlling the prosecution of separate actions because the amount of each individual claim is relatively small compared to the complexities of the issues and the expenses of litigation,

d) This is a desirable forum because this Court has significant experience managing class actions under the FDCPA,

e) A class action will be an efficient method of adjudicating the claims of the class members, and

f) Class members have claims that are not significant in amount relative to the expense of the litigation, so separate actions would not afford significant relief to the members of the class.

58.

## CLAIM FOR RELIEF

(15 U.S.C. § 1692k)

Estrella incorporates the allegations above by reference.

59.

Convergent's choice to send the collection letter attached as Exhibit 1 containing a settlement offer in an attempt to collect on a time barred debt without disclosing that the debt was time barred, that the

debt was not legally enforceable in court, and that a lawsuit would not be filed to collect upon the debt, is a false, deceptive, or misleading representation or means to collect the debt, and a false representation of the legal status of the debt in violation of 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(5), and § 1692e(10).

60.

Convergent's choice to send the collection letter attached as Exhibit 1 containing a settlement offer in an attempt to collect on a time barred debt without disclosing that the debt was time barred, that the debt was not legally enforceable in court, and that a lawsuit would not be filed to collect upon the debt, is an unfair or unconscionable means to collect, or attempt to collect the debt in violation of § 1692f.

61.

Convergent's choice to send the collection letter attached as Exhibit 1 in an attempt to collect on a time barred debt without disclosing that a partial payment could restart the otherwise expired limitations period is a false, deceptive, or misleading representation or means to collect the debt, and a false representation of the legal status of the debt in violation of § 1692e, § 1692e(2)(A), § 1692e(5), and § 1692e(10).

62.

Convergent's choice to send the collection letter attached as Exhibit 1 in an attempt to collect on a time barred debt without disclosing that a partial payment could restart the otherwise expired limitations period, is an unfair or unconscionable means to collect, or attempt to collect, upon the debt in violation of § 1692f.

63.

As a result of Convergent's violation of the FDCPA as alleged above, Estrella and all other similarly situated individual consumers are entitled to actual damages including any amounts paid to Convergent as a result of its violations under § 1692k(a)(1), and statutory damages under § 1692k(a)(2)(B), and reasonable fees and costs under § 1692k(a)(3).

64.

Demand for jury trial.

Estrella seeks relief for himself and the proposed class as follows:

**A.** An order that this case may proceed as a class action,

**B.** An order that Convergent violated the FDCPA,

**C.** An order and judgment in favor of Estrella and the class against Convergent for damages determined to have been sustained by them, including actual damages, maximum statutory damages, and fees and costs.

**D.** An order and judgment in favor of Estrella and the class against Convergent for maximum pre-judgment and post-judgment interest, and

**E.** For any other relief this Court may determine is fair and proper.

January 24, 2017

**RESPECTFULLY FILED,**

s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Trial Attorney for Estrella
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570